# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 73123-8-I
        Respondent, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
GREG PARSON, )
)
        Appellant. ) FILED: March 7, 2016

TRICKEY, J. — Greg Parson appeals his judgment and sentence for his two convictions of second degree burglary. He contends that the trial court erred by giving a constitutionally defective reasonable doubt instruction. We disagree and therefore affirm.

## FACTS

In December 2014, the State charged Parson with two counts of second degree burglary. The State alleged that on two separate days in August, Parson stole liquor from an Albertsons store located in Mill Creek, Washington. It further alleged the aggravating factor of rapid recidivism, based on the fact that Parson committed these crimes shortly after being released from incarceration.

The case proceeded to a bifurcated trial at Parson's request. Specifically, the burglary charges proceeded to a jury trial, and the recent recidivism aggravators proceeded to a bench trial. At the jury trial on the underlying burglary charges, the court instructed the jury on reasonable doubt using 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 85 (3d ed. 2008) (WPIC).

The jury found Parson guilty of both counts. The court found that Parson's commission of the offenses constituted rapid recidivism. The court imposed concurrent aggravated exceptional sentences of 18 months on each conviction. Parson appeals.

ANALYSIS

Parson's sole argument on appeal is that the trial court erred by giving a constitutionally defective reasonable doubt instruction. He contends that the instruction improperly added an articulation requirement and impermissibly undermined the presumption of innocence. We disagree.

The trial court gave a reasonable doubt jury instruction that was identical to WPIC 4.01. In relevant part, that instruction states: "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence."[1]

In State v. Bennett, our Supreme Court directed trial courts to use WPIC 4.01 in all criminal cases. 161 Wn.2d 303, 318, 165 P.3d 1241 (2007). More recently, in State v. Kalebaugh, the Supreme Court reaffirmed that WPIC 4.01 was the "proper" instruction and "the correct legal instruction on reasonable doubt." 183 Wn.2d 578, 585-86, 355 P.3d 253 (2015). This court recently noted the Supreme Court's directive and upheld the use of WPIC 4.01 in State v. Lizarraga, ___ Wn. App. ___, 364 P.3d 810, 830 (2015). In accordance with these cases, we reject the arguments that Parson presents in this appeal.

---

[1] Clerk's Papers at 26.

We affirm the judgment and sentence.

_Trickey, J_

WE CONCUR:

_Appelwick, J_                    _Cox, J._